IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

DANIEL R. WOOD,

Plaintiff,

vs.

MONTANA 1ST JUDICIAL DISTRICT, LEWIS AND CLARK COUNTY ATTORNEY'S OFFICE, and MONTANA DEPT. OF CORRECTIONS,

Defendants.

**CV-23-67-H-BMM-KLD**

**ORDER**

Plaintiff Daniel R. Wood ("Wood") has filed a Complaint alleging violations of his constitutional rights. (Doc. 2.) Wood also has moved to proceed in forma pauperis. (Doc. 1.) Wood's motion to proceed in forma pauperis will be granted. Wood's Complaint fails to state a federal claim for relief under 42 U.S.C. § 1983, and will be dismissed for the reasons explained below.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Wood has made a proper showing that he is entitled to proceed in forma pauperis. (Doc. 1.) The motion will be granted.

## II. SCREENING STANDARD

Wood is proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. If the factual allegations accepted as true "do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

### A. Parties

Wood is proceeding without counsel and in forma pauperis. He names as defendants Montana 1st Judicial District, Lewis and Clark County Attorney's Office, and Montana Dept. of Corrections. (Doc. 2 at 2 – 3.)

### B. Allegations

Wood alleges that Defendants are violating his Eighth Amendment right to be free of cruel and unusual punishment. (Doc. 2 at 3.) Wood was sentenced in 2004 in the First Judicial District, Lewis and Clark County, Montana, on three convictions. Wood received eight years on each conviction, with five years suspended, to run concurrently. (Doc. 2 at 4.) In March of 2008, a petition to revoke his suspended sentence was filed. Wood was in jail in Denver, Colorado on unrelated charges at the time of the revocation.

Wood was sentenced in Colorado to sixteen years with the Colorado Department of Corrections, with a mandatory term of five years' probation, on June 6, 2008. (Doc. 2-1 at 1.) Wood spent 6 and one-half years incarcerated in Colorado, during which time the original discharge date for his Montana sentences passed. The 2008 warrant was still valid, however, so Wood traveled back to Montana and was jailed on the sentence revocation. After hearing in July 2014, Wood's suspended sentence was revoked and he received five years, to run consecutive to his Colorado probation, with no credit for the short amount of street time he had from 2007 or his time served in Colorado.

Wood was charged with two new felonies in the First Judicial District Court in November 2017. (His incarceration status at that time is not clear.) A new petition to revoke his suspended sentence was filed, related to those prior sentences, even though Wood was serving his Colorado probation at the time, and had not yet begun to serve his Montana sentences. Wood's suspended sentences were revoked and then re-suspended, to run consecutive to his 2017 sentences. Wood's Colorado probation expired in 2018.

Wood was in the community under the conditional release on his 2017 sentences in 2021. (Doc. 2-1 at 2.) Wood was then involved in a Bozeman car accident. A responding police officer asked to search his car. Wood refused. The police officer then called the Montana state probation officer and requested a

probation search of the vehicle. As a result, Wood was arrested on a new felony charge. Wood's conditional release on his 2017 sentences was revoked while he awaited proceedings on his 2021 charge. The new charges were dismissed in June 2021. Wood was released after five months in jail, and his conditional release was reinstated.

Wood finished his 2017 sentences in 2022, and he finally started serving the 2004 sentences. Wood was arrested again in August 2023 following a probation search of his vehicle. A hearing was held on a petition to revoke his suspended sentences, based on new charges, failed drug tests, and failure to pay restitution. As of the time of Wood's Complaint, he says he has only been given credit for four days on these sentences that were imposed in 2004, despite having served over twenty years' commitment on multiple other charges, and some period of probation in 2007-2008. (Doc. 2-1 at 3.) Wood seeks injunctive and compensatory relief. (Doc. 2 at 5.)

**C. Analysis**

Wood asserts that the seemingly perpetual nature of his 2004 sentences violates the Eighth Amendment's prohibition against excessive, cruel, and unusual punishment. (Doc. 2 at 3.) The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S.

97, 102 (1976) (citation and internal quotation marks omitted.) "[T]he Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime. The concept of proportionality is central to the Eighth Amendment." *Graham v. Fla.*, 560 U.S. 48, 59 (2010), *as modified* (July 6, 2010). Wood has alleged nothing about the original sentence imposed being illegal. If, in the alternative, Wood believes that his sentence is illegal, or that he is improperly on probation, that is a matter for a state habeas petition. His concern is a matter of state law and procedure. "Only federal rights, privileges, or immunities are protected by the section [1983]. Violations of state law alone are insufficient." *Ybarra v Bastian*, 647 F.2d 891, 893 (9th Cir. 1981). This Court is without jurisdiction to direct the state courts or probation office in how they conduct their state law sentences. Wood's frustration arises from the seeming impossibility of ever serving the sentence. Wood's Complaint does not serve as an appropriate action for this Court, for two reasons.

First, the sentence does not violate the Eighth Amendment. Wood was sentenced to eight years, with five suspended. "Embodied in the Constitution's ban on cruel and unusual punishments is the precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Graham*, 560 U.S. at 59, *as modified* (July 6, 2010) (internal citation omitted.)

Wood does not allege that his 2004 sentences are not disproportionate. Wood has failed to allege facts that would state a claim for an Eighth Amendment violation. Even lifetime sentences of supervised release have been determined to fall short of "cruel and unusual." *United States v. Williams*, 636 F.3d 1229 (9th Cir. 2011); *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012). It is the method of carrying out the sentence, or not carrying it out, as the case may be, that Wood contends violates the Eighth Amendment. Wood has moved the Court for a temporary restraining order, directing the Montana Department of Corrections to stop supervising him as a probationer. (Doc. 4.) Even if the Court concluded that Wood was right, which it does not, it has no remedy available for him.

A strong policy exists against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*,

781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez,* 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014); *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

The "threshold elements" of *Younger* appear to be present. The ongoing proceeding that Wood faces is his impending revocation, which is an enforcement action stemming from his lawful 2004 conviction. The State of Montana has an important interest in how it handles its state sentences and how it supervises its

parolees and probationers. Unless those actions violate federal law, this Court has no room to consider the issues. But further, the state courts are competent to consider federal law. Wood will have the opportunity in his revocation proceedings to raise federal law as appropriate. Wood will also be able to pursue state court habeas relief. All factors mitigate toward *Younger* abstention in this matter.

## III. CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this instance, the Court concludes that Wood could not amend his Complaint in such a way that the Court could hear it.

Accordingly, it is **HEREBY ORDERED**:

1. Wood's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1.)

2. Wood's motions for the appointment of counsel and for a restraining Order are **DENIED** as moot. (Docs. 3 and 4.)

3. Wood's Complaint is **DISMISSED**. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 8th day of January, 2024.

Brian Morris, Chief District Judge
United States District Court